UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TONY M. YOUNGBLOOD, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 3:11-CV-78 JVB |
| MARK LEVENHAGEN, MIKE SCOTT, and TINA WATTS, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on *pro se* Plaintiff Tony M. Youngblood's second Request for Emergency Preliminary and Permanent Injunction Relief [DE 7]. The Court construes the motion as two separate requests: a motion for a temporary restraining order (TRO) and a motion for preliminary injunction.

The Plaintiff is a prisoner confined at the Westville Correctional Facility, who filed a complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials violated the Eighth Amendment's Cruel and Unusual Punishments Clause. In his motion, Plaintiff maintains that he informed Defendant Tina Watts that he had "prior enemies on E.C. Complex and that it was in his institutional packet that he could not be placed around these individuals or he would suffer a serious attack at the hands of individuals who wanted him dead." (DE 7 at 3). He asks the Court to (1) declare that the Defendants' actions constitute "Cruel and Unusual Punishment and Deliberate Indifference"; (2) enter a preliminary and permanent injunction ordering the Defendants to place him in an alternative holding facility; (3) to order the Defendants to "cease all clear and suggesting retaliation towards the plaintiff pending said transfer"; and to award the Plaintiff damages in the amount of $25,000.00. (DE 7 at 4–5).

The Court denied the Plaintiff's first request for a TRO because he did not provide notice to the Defendants (DE 6 at 3). The Plaintiff certifies that he served his present request for a preliminary injunction or TRO on the Indiana Attorney General's office. (DE 7 at 5).

The issuance of a TRO is controlled by Federal Rule of Civil Procedure 65(b), which defines when a TRO may be granted:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

As the Court noted in its order denying the Plaintiff's first request for a preliminary injunction or TRO, this:

> Plaintiff, who is proceeding without counsel, cannot satisfy the plain requirement of the Rule that an attorney certify the efforts which have been made to give notice to the adverse parties. This requirement is analogous to judicial disqualification statute, 28 U.S.C. § 144, which mandates attorney's certification that a party, which alleges judicial bias or prejudice, is making such claims in good faith.

DE 6 at 2.

The requirement of an attorney certification in those circumstances protects against abuses.

> Although a pro se litigant ordinarily may take the same action on his or her own behalf that an attorney could, that approach should not apply to the requirements of Section 144. First, the statutory language is quite plain in requiring a certificate from "counsel of record." The Seventh Circuit, like other circuits, has stressed the importance of strict enforcement of the procedural and substantive requirements of Section 144. e.g., [*United States v.*] *Sykes*, 7 F.3d [1331] at 1339 [(7th Cir. 1993)]. Second, although standards and procedures for disqualification to ensure both the reality and the appearance of impartiality are essential elements of our court system, they can be abused as devices for mere forum-shopping. Section

2

> 144 strikes a balance by providing both powerful and nearly automatic procedures for
> disqualification, while requiring counsel's certificate of good faith as a means to prevent abuse. As Judge Murrah explained in *Mitchell*, the requirement in Section 144 assumes that a member of the bar and officer of the court will not recklessly abuse the statute's powerful automatic procedures. *Mitchell* [*v. United States*], 126 F.2d [550] at 552 [(10th Cir. 1942)]. That assumption may be based on both a confident faith in the integrity of the bar and perhaps a less optimistic awareness of the court's power to impose meaningful sanctions upon an attorney if Section 144 were abused. If a pro se litigant may use Section 144, the statute's essential safeguard of counsel's certificate of good faith is lost.

*Robinson v. Gregory*, 929 F. Supp. 334, 337–38 (S.D. Ind. 1996).

The same rationale applies to the attorney certification in Rule 65(b)(2). The language of the rule plainly requires the certification of an attorney, not the litigant. The Federal Rules of Civil Procedure delineate when various actions may be taken by or on behalf of a party and it is rare that they require action only by an attorney. Accordingly, even though the Plaintiff served his second request for a preliminary injunction or TRO on the Indiana Attorney General's office, he does not meet the certification requirements for obtaining a TRO without a hearing.

The Plaintiff also seeks a preliminary injunction. A preliminary injunction is designed to preserve the *status quo* until a final hearing or trial can be held on a request for a permanent injunction. 7 Pt. 2 *Moore's Federal Practice and Procedure* § 65.04 (1); *see Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("the purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."); *E.E.O.C. v. City of Janesville,* 630 F.2d 1254, 1259 (7th Cir. 1980) ("The purpose of a preliminary injunction is to preserve the object of controversy in its then existing condition, i.e., preserve the *status quo*."). A party seeking a preliminary injunction must, as a threshold matter, demonstrate some likelihood of success on the merits, and that he has no adequate remedy of law and will

suffer irreparable harm if the injunction is not issued. *Vencor, Inc. v. Webb,* 33 F.3d 840, 845 (7th Cir. 1994); *Storck USA, L.P. v. Farley Candy Co.,* 14 F.3d 311, 313–14 (7th Cir. 1994); *Abbott Laboratories v. Mead Johnson & Co.,* 971 F.2d 6, 11 (7th Cir. 1992). "If the moving party cannot establish either of these prerequisites, a court's inquiry is over and the injunction must be denied." *Id.* Provided these criteria are satisfied, "the court must then balance the irreparable harm caused to the non-moving party if relief is granted against the irreparable harm to the moving party if relief is denied, and consider the harm caused to the public by granting or denying preliminary relief." *Vencor, Inc. v. Webb,* 33 F.3d at 845; *Abbott Laboratories v. Mead Johnson & Co.,* 971 F.2d at 12-13; *Kellas v. Lane,* 923 F.2d 492, 493–94 (7th Cir. 1990).

Temporary injunctive relief is an extraordinary remedy that is only granted where there is a clear showing of need. *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir.1999) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.").

The Plaintiff asks the Court to grant declaratory relief, declaring that the Defendants' actions constitute "Cruel and Unusual Punishment and Deliberate Indifference"; enter a preliminary and permanent injunction ordering the Defendants to transfer him to another facility; order the Defendants to "cease all clear and suggesting retaliation towards the plaintiff pending said transfer"; and to award him damages. The Plaintiff's requests for a permanent injunction, declaratory relief, and damages are premature, as these forms of relief are not granted until after a full adjudication on the merits. The request for a preliminary injunction ordering the Defendants to cease retaliation towards the plaintiff pending transfer to another facility is

4

without merit because nothing in his submissions suggest that the Defendants have retaliated against him.

The Plaintiff states that he is in danger of being attacked by other inmates at the Westville Correctional Facility, and the centerpiece of his motion for a preliminary injunction is his request that the court to order Indiana Department of Correction officials to transfer him to another facility. A preliminary injunction is designed to preserve the *status quo* until a final hearing or trial can be held on a request for a permanent injunction. The Plaintiff, however, does not seek to maintain the *status quo*; he seeks to have the court disrupt the *status quo*.

When dealing with prisoner cases, federal courts must accord wide-ranging deference to correctional professionals in the adoption and execution of policies for the operation of penal institutions. *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). The federal courts must defer to correctional professionals on questions of the best way to run a prison, in the absence of an "exaggerated response." *Rhodes v. Chapman*, 452 U.S. 337, 349 n. 14 (1981); *Bell v. Wolfish*, 411 U.S. at 547. Federal courts do not interfere with matters of prison management, such as which facility a particular prisoner is housed, without a showing that a particular situation violates the Constitution. *Mendoza v. Miller*, 779 F. 2d 1287, 1292 (7th Cir.), *cert. denied*, 476 U.S. 1142 (1986).

The Plaintiff submits nothing in support of his claims except his unverified petition, and he has not established that his continued confinement at the Westville Correctional Facility violates the Constitution or provided justification for this court taking the extraordinary step of requiring his custodians to immediately transfer him to another facility. The order the Plaintiff seeks would be contrary to the deference this court is to provide to correctional officials in the

adoption and execution of policies for the operation of penal institutions. *Whitley v. Albers*, 475 U.S. at 321–22.

For the foregoing reasons, the Plaintiff's Request for Emergency Preliminary and Permanent Injunction Relief [DE 7] is DENIED.

SO ORDERED on May 13, 2011.

                                                s/ Joseph S. Van Bokkelen
                                                JOSEPH S. VAN BOKKELEN
                                                UNITED STATES DISTRICT JUDGE