# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| TONY M. YOUNGBLOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:11-CV-78 JVB |
| | ) | |
| MARK LEVENHAGEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Tony Youngblood, a prisoner confined at the Westville Correctional Facility ("WCF"),

filed a complaint pursuant to 42 U.S.C. § 1983 alleging that WCF Superintendent Mark

Levenhagen and WCF officials Mike Scott and Tina Watts, violated his federally protected

rights. This matter is before the Court pursuant to its statutory screening obligation. *See* 28

U.S.C. § 1915A.

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint

and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts

apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which

provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a

claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir.

2006). The Supreme Court has articulated the factual allegations that are required to survive

dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
> detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his
> "entitlement to relief" requires more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will not do. Factual allegations
> must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in
fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations,

and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is

plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual

content allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S.

at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences

in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir.

1995). However, the Court need not accept as true "threadbare recitals of a cause of action's

elements, supported by mere conclusory statements." *Ashcroft*, 129 S. Ct. at 1949. Legal

conclusions can provide a complaint's framework, but unless well-pleaded factual allegations

move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at

1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader

is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a

complaint states a plausible claim is context-specific, requiring the reviewing court to draw on

its experience and common sense." *Id*.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See*

*Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882,

888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to

contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d

1074, 1086 (7th Cir. 2008). The Court will review the *pro se* Plaintiff's Complaint more liberally

than it would one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (per curiam).

According to the complaint, Industrial Complex ("IC") Director Tina Watts ordered that

Plaintiff be transferred from her complex to a dormitory in the Educational Complex ("EC"),

because he complained to her about conditions on the IC even though she knew it would

endanger him:

> [T]his plaintiff had seperatees against offenders who intended to cause him harm.
> Defendant Tina Watts acted with intent, malice, and forethought when she forced
> the plaintiff to go into EC complex after plaintiff begged for his life "please don't
> put me over there." As a result plaintiff was not on EC complex 35 minutes
> before he was attacked by 2 offenders.

(DE 1 at 10). He also alleges that after the incident Defendant Watts ordered him placed in

segregation, and that as a result he was not given medical attention for his injuries for sixteen

hours (DE 1 at 11).

In his Complaint, Plaintiff asserts that Defendant Levenhagen "is Superintendent of the

Westville Correctional Facility and heads the operation of the facility" (DE 1 at 9). Furthermore,

he states that "Defendant Mike Scott is Assistant Superintendent . . . and answers to Mark

Levenhagen. All orders of operation must go through this defendant." *Id.*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action

to redress the violation of federally secured rights by a person acting under color of state law.

*Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a

plaintiff must allege violation of rights secured by the Constitution or laws of the United States,

and must show that a person acting under color of state law committed the alleged deprivation.

*West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff

has been deprived of a right secured by the Constitution or laws of the United States. *Baker v.*

*McCollan*, 443 U.S. 137, 140 (1979).

Plaintiff asserts that Defendant Watts failed to protect him from being attacked and

injured by inmates who she knew posed a threat to him, and delayed medical treatment for his

injuries. A violation of the Eighth Amendment's Cruel and Unusual Punishment Clause consists

of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner

of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison

official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical cases, the

Eighth Amendment test is expressed in terms of whether the defendant was deliberately

indifferent to the plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir.

2007).

Prison officials "have a duty . . . to protect prisoners from violence at the hands of other

prisoners." *Farmer*, 511 U.S. at 833 (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d

556, 558 (1st Cir. 1988)). Deliberate indifference in such circumstances is defined as "criminal

recklessness." *Id.* at 839–40. A prison official "may be held liable under the Eighth Amendment

for denying humane conditions of confinement only if he knows that inmates face substantial

risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."

*Id.* at 847.

Deliberate indifference is shown by "something approaching a total unconcern for [the

plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm."

*Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citing *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991)). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer*, 511 U.S. at 836. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir.), *cert. denied*, 479 U.S. 816 (1986); *see also Sellers v. Henman*, 41 F.3d 1100 (7th Cir. 1994); *Duane*, 959 F.2d at 677. This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill*, 944 F.2d at 347; *King v. Fairman*, 997 F.2d 259, 262 (7th Cir. 1993).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Plaintiff's claim that Defendant Watts had him transferred to a unit where she knew he had enemies he was supposed to be kept separated from, resulting in his injuries, states a claim upon which relief can be granted.

Giving him the benefit of the inferences to which he is entitled at the pleadings stage, the Court will also allow Plaintiff to proceed against Defendant Watts on his Eighth Amendment claim that she prevented him from receiving medical attention for his injuries for sixteen hours. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (prison officials should provide treatment for serious medical needs that are "so obvious that even a lay person would easily recognize the necessity for a doctor's attention").

Plaintiff alleges that, in response to his complaining about conditions on the unit she supervises, Defendant Watts moved him to a unit where she knew he would be in danger; therefore, Plaintiff also alleges a retaliation claim against her. Prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir.2000). To state a claim of retaliation, a complaint must allege that, first, the plaintiff was engaged in a Constitutionally protected activity and, second, that engaging in that activity was a substantial or motivating factor in the defendant's actions against him. *See Mt. Healthy City School District v. Doyle*, 429 U.S. 274 (1977). Retaliation against a prisoner for exercising his First Amendment right to speak and complain about prison conditions states a claim upon which relief can be granted. *Dobbey v. Illinois Dept. of Corrections*, 574 F.3d 443, 446 (7th Cir. 2009). Accordingly, Plaintiff's complaint states a retaliation claim upon which relief may be granted, and the Court will allow him to proceed against Defendant Watts on this claim.

Plaintiff also names the WCF Superintendent and Assistant Superintendent as Defendants. Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show a defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A person who was not personally involved in the alleged wrongdoing cannot be held liable for damages under § 1983. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury.

*Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010).

Plaintiff's complaint does not state facts from which the Court could infer that Defendants Levenhagen and Scott had any personal knowledge of or direct personal involvement in the decision to transfer him to a unit where he was attacked and injured by other inmates, or for the alleged delay in treating him for his injuries. That they are Defendant Watts's superiors and supervisors does not make them liable for her actions. *Gayton*, 593 F.3d at 622. Accordingly, the Court will dismiss the § 1983 claims against Defendants Levenhagen and Scott. Defendant Levenhagen remains a party to this action in his official capacity for the purposes of injunctive relief.

For the foregoing reasons, the Court:

(1) GRANTS the Plaintiff leave to proceed against Defendant Tina Watts for damages in her personal capacity on his claim that she was deliberately indifferent to his safety, that she retaliated against him for complaining about conditions on the IC complex, and that she delayed his medical care after he was injured, and GRANTS him leave to proceed against Defendants Mark Levenhagen and Tina Watts in their official capacities on his injunctive relief claim;

(2) DISMISSES Defendant Mike Scott, and DISMISSES the damage claims against Defendant Mark Levenhagen;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that Defendants Levenhagen and Watts respond to the complaint as provided for in the Federal Rules of Civil

Procedure; and

(4) DIRECTS the Marshals Service to effect service of process on Defendants

Mark Levenhagen and Tina Watts, and DIRECTS the Clerk's office to ensure that a copy

of this Order is served on them along with the summons and complaint.

SO ORDERED on August 15, 2011.


S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE